IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

JERRY N. METULLY,

        Plaintiff,

   vs.

STATE OF MONTANA,

        Defendants.

CAUSE NO. CV 06-130-M-JCL

ORDER, and
FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE

_____

**I.   INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION**

    Plaintiff has filed a Complaint together with an Application to Proceed In Forma Pauperis.  Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Because it appears Plaintiff lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **GRANTED**.  This action may proceed without prepayment of the filing fee.

    The federal statute under which leave to proceed in forma pauperis is permitted also requires the Court to conduct a

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 1

preliminary screening of the allegations set forth in the Complaint. The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (I) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Accordingly, the Court will review Plaintiff's Complaint to consider whether it can survive dismissal under these provisions. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.  **PLAINTIFF'S ALLEGATIONS**

Plaintiff has filed this action in an attempt to get this Court to intervene in state district court proceedings in which he is involved, and to force the Montana Supreme Court to correct alleged irregularities or unlawful events which occurred in those state court proceedings. Plaintiff's Complaint is 78 pages in length, which in itself makes it difficult for the Court to understand precisely what his legal claims are in this action, or to understand exactly what he is asking this Court to do.

Despite the very lengthy pleading, the Court finds the nature of this action stems from a long history of land ownership issues involving Plaintiff's land, stream or waterway issues adjacent to Plaintiff's property, a boundary dispute Plaintiff has had with his neighbor, and disputes Plaintiff has had with public officials and agencies regarding these land and water disputes.  Plaintiff states all of these matters have been the subject of three lawsuits in state district court, and Plaintiff alleges various parties, officials, and judges have acted unlawfully in those state court actions.  Plaintiff then attempted to have the Montana Supreme Court intervene in those district court actions through a writ of supervisory control to correct the alleged irregularities in the district court matters.  However, the Montana Supreme Court denied Plaintiff's request for relief.

Now, through this legal action Plaintiff requests that this Court get involved to ensure that his legal proceedings are handled properly in the state courts.  Therefore, he requests that this Court deliver his Complaint to the Montana Supreme Court to assure that such Court give him a fair hearing on his petition for a writ of supervisory control and correct alleged misconduct and unlawful proceedings in the state district court actions.  Plaintiff also requests that this Court enjoin the State of Montana from taking any action with regard to his three

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 3

state court lawsuits until after the Montana Supreme Court addresses Plaintiff's requests for relief.  Ultimately, he requests that either this Court or the Montana Supreme Court immediately intervene in his three state court lawsuits and "expedite the justice to which [Plaintiff is] entitled."  Compl. at 3.

## III.  DISCUSSION

Under the circumstances of Plaintiff's situation described in his Complaint, there are various defects in his attempt to proceed with this lawsuit in federal court.  The Court finds three substantial defects or barriers to this lawsuit as follows: (1) The State of Montana is not a proper party to a lawsuit under 42 U.S.C. § 1983; (2) This Court cannot intervene in any state court proceedings; and (3) This Court cannot conduct any appellate review of what the Montana Supreme Court has decided. Each of these defects are discussed below.

### A.  The State of Montana Cannot be a Defendant in this Action

Plaintiff has filed this case as a civil rights action pursuant to 42 U.S.C. § 1983.  Compl. at 1.

> To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a **person** acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.

*Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989) (emphasis added).  However, the State of Montana is not a "person" within the meaning of § 1983 and, therefore, it cannot be named as a defendant in a § 1983 action.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 62, 71 (1989).  Therefore, this action is subject to dismissal for failure to state a claim against the State of Montana upon which relief can be granted under § 1983.

    B.  **<u>Abstention from State Court Proceedings</u>**

The Court also finds this case is subject to dismissal based on abstention.  There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "As a matter of comity, federal courts should maintain respect for state functions and should not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts." *Dubinka v. Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (citing *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)).  *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings.  *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) (citing *Younger*, at 40-41).  When applicable, *Younger* abstention requires dismissal of the federal

action, not a stay.  *The San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998).

The federal courts may raise the issue of *Younger* abstention *sua sponte*.  *Martinez*, at 781 n.3 (citing *Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)).  *See also The San Remo Hotel*, 145 F.3d at 1103 n.5.

The Ninth Circuit has stated that Younger abstention is appropriate if "(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions."  *Gartrell Constr., Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir. 1991) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Stated another way,

> *[i]f* a state-initiated proceeding is ongoing, and *if* it implicates important state interests [...], and *if* the federal litigant is not barred from litigating federal constitutional issues in that proceeding, *then* a federal court action that would enjoin the proceeding, or have the practical effect of doing so, would interfere in a way that *Younger* disapproves.

*Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004).

The allegations of Plaintiff's Complaint and the circumstances giving rise to his Complaint establish all three elements of the *Younger* abstention doctrine.  Plaintiff states there are on-going state district court proceedings in three

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 6

lawsuits.  The subjects of those lawsuits involve matters of important state interest in state property law, water law, and stream access and protection laws.  Finally, Plaintiff has an opportunity to present any federal issues in those lawsuit both at the district court level and on appeal with the Montana Supreme Court.  Although Plaintiff states the Montana Supreme Court has denied his petition for a writ of supervisory control, Plaintiff still has appeal rights following the final resolution of each district court case.  Therefore, the Court concludes Plaintiff's requests for relief set forth in his Complaint would enjoin the state court proceedings in a way that *Younger* disapproves.

### C.  No Jurisdiction to Review State Court Decisions

Plaintiff's Complaint can be construed as a request that this Court review the district court decisions and the Montana Supreme Court's decision denying Plaintiff's petition for a writ of supervisory control.  However, Plaintiff cannot proceed in the manner proposed simply because there is no such thing as an appeal to federal district court from the Montana Supreme Court.  This Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine which essentially prohibits a federal district court from conducting appellate review of a state court judgment.  *Johnson v. De Grandy*, 512 U.S. 997, 1005-6 (1994).  The doctrine is based on a combined reading of two Supreme Court cases, *Rooker*

*v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under the *Rooker-Feldman* doctrine, "inferior federal courts lack subject matter jurisdiction over cases that effectively seek review of state court judgments," because "federal review is possible only through a certiorari petition to the Supreme Court." *Craig v. State Bar of California*, 141 F.3d 1353, 1354 n.1 (9th Cir. 1998) (per curiam).

To the extent Plaintiff seeks to have this Court review the state court rulings or judgments, based on the *Rooker-Feldman* doctrine this Court lacks jurisdiction to conduct any such review. The relief requested cannot be granted and must be dismissed.

Based on the foregoing, the Court hereby enters the following:

### RECOMMENDATION

Plaintiff's Complaint should be **DISMISSED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on

opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this  7th  day of September, 2006.

                         /s/ Jeremiah C. Lynch
                        Jeremiah C. Lynch
                        United States Magistrate Judge