```
                                          FILED
                                     MISSOULA, MT

                                   2006 OCT 3 PM 4 01

                                    PATRICK E. DUFFY
                                  BY _____
                                      DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| JERRY METULLY, | ) | CV 06-130-M-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF MONTANA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on September 7, 2006. Plaintiff timely objected on September 18, 2006. Plaintiff is therefore entitled to de novo review of the record. 28 U.S.C. § 636(b)(1).

Judge Lynch granted Plaintiff's request to proceed in forma pauperis. After reviewing Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), Judge Lynch recommended dismissing the complaint. In particular, Judge Lynch concluded (1) the State of Montana is not a proper party to a lawsuit under 42 U.S.C. §

1983; (2) this Court cannot intervene in any pending state court proceedings; and (3) this Court cannot conduct any appellate review of what the Montana Supreme Court has decided. Despite Plaintiff's objections, I agree with Judge Lynch's analysis.

In his objections, Plaintiff attempts to clarify his complaint by noting he is primarily asking this Court to ensure the complaint he filed before this Court is considered by the Montana Supreme Court. Plaintiff asserts this Court's intervention is necessary because the Montana Supreme Court did not adequately consider his writ of supervisory control. As Judge Lynch observed in his Findings and Recommendation, however, federal courts should abstain from interfering with pending state judicial proceedings where important state interests are implicated. Guardrail Constr., Inc. v. Aubrey, 940 F.2d 437, 441 (9th Cir. 1991) (discussing Younger abstention). Plaintiff's precarious financial condition and the alleged mosquito nuisance existing on his land do not constitute great and irreparable injury requiring the intervention of federal courts, especially in light of the important state interests involved in the underlying state proceedings (i.e. state property law and water law). Moreover, Plaintiff can appeal each of his state district court suits to the Montana Supreme Court once they are finally adjudicated.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's

Findings and Recommendation are adopted in full. Plaintiff's complaint is DISMISSED.

Dated this 3rd day of October, 2006.

Donald W. Molloy, Chief Judge
United States District Court